UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

SETH SARTY,

          Defendant.

Crim. Action No. 24MJ19 (MAU)

**APPEAL OF MAGISTRATE COURT'S ORDER SETTING CONDITIONS OF RELEASE**

    Seth Sarty, through counsel, pursuant to 18 U.S.C. 3145(c), respectfully moves the Court to modify his release conditions, specifically to vacate the Magistrate Court's release order prohibiting him from speaking to his co-defendant and brother "about the case" outside the presence of his attorney. The prosecution against him arises from the events of January 6th at the U.S. Capitol. The government has not articulated any specific basis or interest for such an order, nor has it specified to Mr. Sarty the exact substance about which he is prohibited from speaking. The order thus violates Mr. Sarty's freedom of speech and association and is vague and overly broad. In support of his Appeal, Mr. Sarty states the following facts.

**Legal Standard**

    Under the Bail Reform Act, a judicial officer may impose conditions of release only when necessary to reasonably assure the appearance of the defendant or to

reasonably assure the safety of the community. 18 U.S.C. § 3142(b). Those imposed must be the *least restrictive* condition or combination of conditions. *Id.* Section 3142(c)(1)(B) lists conditions that the judicial officer has the authority to impose, including "restrictions on personal associations" and "avoid[ing] all contact with an alleged victim . . . and with a potential witness." Although this list is not enumerated, any different conditions set must serve the same purpose as the listed conditions— the purpose of reasonably assuring the defendant's appearance or reasonably assuring the safety of others. 18 U.S.C. § 3142(c)(1)(B)(xiv).

When determining whether to impose conditions of release, a judicial officer must consider the factors set forth in Section 3142(g). These factors include (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence"; (3) "the history and characteristics of the [defendant]"; and (4) "the nature and seriousness of the danger to any person or the community." Additionally, all imposed conditions must be "narrowly tailored" to the interest of which they are related. *See Doe v. Lima*, 270 F.Supp.3d 684, 702 (S.D.N.Y. 2017). While the Court can impose conditions that impede one of the defendant's constitutional rights, any condition of release that restricts a defendant's right must be "reasonably and necessarily related" to legitimate and compelling government interests. *See Newman v. Annucci*, No. 317CV0918LEKDEP, 2018 WL 4554494, at *6 (N.D.N.Y. Sept. 21, 2018); *Oliver v. United States*, 682 A.2d 186 (D.C. 1996).

A review of a Release Order is reviewed *de novo* to the court having original jurisdiction over the offense. 18 U.S.C. 3145(a).

### Argument

**a. This condition restricts Mr. Sarty's First Amendment right and must be "reasonably and necessarily related" to a compelling governmental interest.**

Mr. Sarty's condition of release prohibits him from "speak[ing] with co-defendant (brother) about the case outside the presence of attorney" and unduly violates his First Amendment rights of freedom of speech and familial association. ECF. No. 12. A defendant who is released under a pretrial conditional release order does not necessarily forfeit all of his First Amendment rights. *United States v. Murtari*, No. 5:07-CR-0428, 2008 U.S. Dist. LEXIS 18880 (N.D.N.Y. Mar. 11, 2008); *see United States v. Wendt*, 650 F. Supp. 3d 672, 679 (S.D. Iowa 2023) ("Any restriction on personal associations . . . is an unmistakable limitation on First Amendment rights."); *Americans for Prosperity Found v. Bonta*, 141 S. Ct. 2373, 2382 (2021) ("This Court has 'long understood as implicit in the right to engage in activities protected by the First Amendment a corresponding right to associate with others.'") (quoting *Roberts v. U. S. Jaycees*, 468 U.S. 609, 622 (1984)).

The government must provide a valid justification based in fact for a court to curtail a defendant's speech or association. Any condition of release that restricts a constitutional right must be "reasonably and necessarily related" to legitimate and compelling government interests. *See Newman v. Annucci*, No. 317CV0918LEKDEP, 2018 WL 4554494, at *6 (N.D.N.Y. Sept. 21, 2018); *Oliver v. United States*, 682 A.2d 186 (D.C. 1996) (where government's interest in protecting the public from criminal activity and assuring the defendant's appearance in court was found to be compelling). Further, the Bail Reform Act sets the guidelines for legitimate and

compelling interests, requiring that pretrial release conditions are related to (1) the reasonable assurance of the appearance of the defendant as required or (2) the reasonable assurance of the safety of the community. 18 U.S.C. § 3142(b).

While Mr. Sarty's charges stem from an event involving his brother, nothing has established that communicating with his brother about their current case will lead to Mr. Sarty's failure to appear before this Court, any harm to the public, or an increased likelihood of future criminal conduct. *See LoFranco v. U.S. Parole Com'n*, 986 F. Supp. 796 (S.D.N.Y. 1997) (finding that because parolee used the Hell's Angels to facilitate his criminal enterprise, the condition prohibiting his association with its members was reasonably related to the crime charged, and the deprivation of his freedom of association was "to prevent his future criminality"); *United States v. Scott* 450 F.3d 863, 874 (9th Cir. 2006) ("the assumption that [the defendant] was more likely to commit crimes than other members of the public, without an individualized determination to that effect, is contradicted by the presumption of innocence"). For example, there are no factual allegations that Mr. Sarty or his brother attempted to obstruct justice by destroying evidence, evading prosecution or collude in any way. Without a justification of the sort, the condition is not valid under the Bail Reform Act.

    **b. The condition is not "narrowly tailored" to the government's interest, and no specific findings have been presented to justify the special condition.**

Moreover, the imposition of conditions must be "narrowly tailored" to the interest to which they are related. *See Doe v. Lima*, 270 F.Supp.3d 684, 702 (S.D.N.Y. 2017). The condition prohibiting Mr. Sarty from talking with his brother "*about the*

*case*" is overly broad and too vague about what conversations are restricted. ECF. No. 12 (emphasis added). When a condition of supervised release "would not afford a person of reasonable intelligence with sufficient notice as to the conduct prohibited," it is unconstitutionally vague. *United States v. Schave*, 186 F.3d 839, 843 (7th Cir. 1999); *see also LoFranco*, 986 F. Supp. at 802 (finding the challenged condition was not too vague because "[t]he wording of the special condition provides you with a sufficiently specific guide regarding prohibited conduct"). It would be reasonable to view the prohibition of talking "about the case" to prohibit the co-defendants from talking generally about former president Trump (and his current presidential pursuits), any other political figures involved in the events, January 6 as a whole or other January 6 cases. *See United States v. Hill*, 959 F. Supp. 2d 158 amended, (D.D.C. 2013) (finding the release condition that the defendant have "no contact with children" was overly vague). The prohibition can also be read to prohibit the Sartys from discussing their judge, their prosecutor, D.C. juries or their general opinions about their respective attorneys.

To establish that a specific condition has been narrowly tailored to the compelling interest, there must be an individualized finding of why it is necessary based on that defendant's circumstances. *See United States v. McGeoch*, 546 F. App'x 44 (2d Cir. 2013); *United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2012). In *United States v. Murtari*, a pretrial release condition prohibited the defendant from "even entering peaceably onto federal property," which any general member of the public would be able to do. 2008 U.S. Dist. LEXIS 18880, at *10. The Court explained

that the imposition of this restriction was based upon specific findings that the defendant had previously been convicted of engaging in criminal conduct in a federal building and, notably, had "indicated that he can not assure the Court that he will not engage in identical conduct." *Id.* at *11-*12. The defendant's pretrial conditions were limited to the extent necessary to "effectuate the objectives of the Bail Reform Act" and were based on specific findings relevant to the current proceedings. *Id.* at *11.

No specific findings beyond Mr. Sarty being accused of a crime with his brother suggest a connection between restricting their discussions of their case and any legitimate government interests. There is no allegation that the brothers organized any violence or what occurred on January 6th. Mr. Sarty and his brother have never been accused of similar conduct in the past nor is there any evidence that Mr. Sarty "indicated that he can not assure the Court that he will not engage in identical conduct" if he were to talk to his brother about their current case. Absent any specific evidence, any attempt to justify the condition based on his potential flight or potential harm to the public—the objectives of the Bail Reform Act—is merely speculative.

### c. Restricting Mr. Sarty's communication with his brother does not serve the purposes of the Bail Reform Act.

As briefly discussed above, the Bail Reform Act permits the imposition of conditions *only* when one or a combination of conditions is *necessary* to reasonably assure the appearance of the defendant as required or to reasonably assure the safety of the community. 18 U.S.C. § 3142(b). It is clear that restricting Mr. Sarty's

6

communications with his brother is not *necessary* to reasonably assure his appearance or reasonably assure the safety of others.

One relevant factor that a judicial officer considers under Section 3142(g) regarding conditions is the "history and characteristics" of the defendant, including the defendant's family ties. 18 U.S.C. § 3142(g)(3). Mr. Sarty's family ties support that he is not a flight risk; his familial support and roots in the United States—including his brother, who also lives in Georgia—reasonably assure that he will appear as required. However, the pretrial release conditions imposed on Mr. Sarty undeniably restrict his ability to speak about his ongoing trial—a major event in his life—with his family. Mr. Sarty cannot discuss any aspect of the prosecution with his brother. Additionally, restricting Mr. Sarty's ability to talk to his brother, does not increase the likelihood that he will appear as required. This condition does not follow the Bail Reform Act strictures that conditions be set *only* when they are the least restrictive option to reasonably assure the appearance of the defendant or the safety of the community. Preventing Mr. Sarty from speaking to his brother about their case does nothing to "effectuate the objectives of the Bail Reform Act," and no specific findings justifying the condition have been presented.

## Conclusion

While a judicial officer can impose conditions that restrict a defendant's personal associations, those conditions must be related to a compelling government interest and cannot be vague and overly broad. The Bail Reform Acts requires that conditions only be imposed when they reasonably assure the appearance of the

7

defendant or reasonably assure the safety of the community. No presented facts suggest that Mr. Sarty's communications with his brother would create a danger of flight, nor do any facts suggest that their interactions would be a danger to the community. Mr. Sarty should not be deprived of this First Amendment right based on the speculation that talking with his brother would negatively affect his likelihood of appearing before this Court or impact the safety of others. Mr. Sarty should be allowed to talk to his brother without restraint.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Eugene Ohm
Assistant Federal Public Defender
625 Indiana Ave., N.W.
Washington, D.C.  20004
(202) 208-7500